**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| Alexia Crouch,<br><br>　　　　　　Plaintiff,<br>v.<br>National Patient Account Services, Inc.,<br>　　　　　　Defendant. | Civil Action No.: 4:13-cv-00029<br><br>**COMPLAINT**<br>JURY |

For this Complaint, the Plaintiff, Alexia Crouch, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Alexia Crouch ("Plaintiff"), is an adult individual residing in Dallas, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant National Patient Account Services, Inc. ("NPAS") is a Tennessee business entity with an address of 1 Park Plaza, Nashville, Tennessee 37203-6527, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Debt**

6. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $267.60 (the "Debt") to Medical City of Dallas (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to NPAS for collection, or NPAS was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.   NPAS Engages in Harassment and Abusive Tactics**

10. Within the last year, Defendant contacted Plaintiff in an attempt to collect the Debt by placing calls to Plaintiff's boyfriend's cellular phone.

11. Plaintiff's boyfriend was not a co-signer on the Debt.

12. On at least one occasion, Defendant informed Plaintiff's boyfriend the nature of the Debt, including how much was owed and to whom it was owed.

13. Furthermore, during a conversation, Defendant informed Plaintiff that payment would be due on the 29th of that month.

14. In a conversation shortly thereafter, Defendant then stated the payment was actually due the 14th of that month, much to the confusion and annoyance of Plaintiff.

15. Moreover, Defendant failed to send Plaintiff written validation of the Debt, including Plaintiff's rights under law to dispute the Debt as required by 15 U.S.C. § 1692g(a)(3).

C.  **Plaintiff Suffered Actual Damages**

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

17. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

21. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character of the Debt.

24. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

27. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendant's violations.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);
7. Actual damages from the Defendant for the all damages including emotional

>   distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 16, 2013

>   Respectfully submitted,
>
>   By */s/ Jody B. Burton*
>
>   Jody B. Burton, Esq.
>   Bar No.: 71681
>   LEMBERG & ASSOCIATES L.L.C.
>   1100 Summer Street, 3rd Floor
>   Stamford, CT 06905
>   Telephone: (203) 653-2250
>   Facsimile:  (203) 653-3424
>   E-mail: jburton@lemberglaw.com
>   Attorneys for Plaintiff